IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 04-CV-01903-REB-MJW**

LINDA A. TIMMERMAN,

Plaintiff(s),

v.

U.S. BANCORP, a Delaware corporation,

Defendant(s).

MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that the Plaintiff's Unopposed Motion for Extension of Time in Which to Respond to Defendant's Motion for Leave to Amend Answer to Assert Counterclaims (docket no. 31) is GRANTED up to and including June 27, 2005.

It is FURTHER ORDERED that the Defendant's Motion for Rule 35(a) Mental Examination of Plaintiff and to Compel Production of Plaintiff's Medical Records (docket no. 26) is GRANTED. The Plaintiff shall submit to a Fed. R. Civ. P. 35(a) mental examination and the parties are to forthwith set such examination. The Defendant shall have 30 days after such examination to supplement its expert disclosures and shall provide a written report from the Fed. R. Civ. P. 35(a) mental examination to Plaintiff. Plaintiff shall further provide to Defendant those documents that were withheld on her privilege log to the Defendant within 10 days from the date of this Order. Plaintiff shall answer and response completely to Defendant's interrogatory 7 and request for production No. 9 within 10 days from the date of this Order. Each party shall pay their own attorney fees and costs for this motion. All discovery disclosed per this Order shall be used for the limited purpose of this case only and for no other purpose.

Fed. R. Civ. P. 35(a) provides that a mental examination of Plaintiff is permitted if: (1) her mental condition is "in controversy" and (2) there is "good cause" for the examination. Schlagenhauf v. Holder, 379 U.S. 104, 118 (1964). A plaintiff places her mental condition in controversy and must submit to an independent medical examination if any **one or more** of the following factors are present: (1) plaintiff has asserted a specific cause of action for intentional or negligent infliction of emotional distress; (2) plaintiff has alleged a specific mental or psychiatric injury or disorder; (3) plaintiff has claimed unusually severe emotional distress; (4) plaintiff has offered expert testimony in support of her claim for emotional distress damages; or (5) plaintiff concedes that her mental condition is in controversy. Fox v. Gates Corporation, 179 F.R.D. 303, 307 (D. Colo. 1998).

       Here, the court finds that Plaintiff has placed her mental condition in controversy because: (1) she claims unusually severe emotional distress; and, (2) has alleged a specific mental injury or disorder.  <u>See</u> paragraphs 1 and 34 in Complaint.  Moreover, the court finds that good cause has been shown to require that the Plaintiff undergo a Fed. R. Civ. P. 35(a) mental examination.

<u>Date:  June 30, 2005                                                                                              </u>