IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-CV-01903-REB-MJW

LINDA A. TIMMERMAN,

Plaintiff(s),

v.

U.S. BANCORP, a Delaware corporation,

Defendant(s).

---

**ORDER REGARDING
(1) PLAINTIFF'S MOTION TO FILE AMENDED COMPLAINT (DOCKET NO. 51)
AND
(2) DEFENDANT'S MOTION FOR SANCTIONS FOR PLAINTIFF'S REFUSAL TO
COMPLY WITH JULY 1ST ORDER (DOCKET NO. 46)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter was before the court on August 10, 2005, for oral argument on the Plaintiff's Motion to File Amended Complaint (docket no. 51) and Defendant's Motion for Sanctions for Plaintiff's Refusal to Comply with July 1st Order (docket no. 46). The court has reviewed both motions, responses, replies, and oral argument. In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court has also considered those portions of Plaintiff's deposition that were submitted to this court for *in camera* review. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Plaintiff seeks an order by this court allowing Plaintiff to amend her Complaint by first changing the name of the Defendant to name the corporate entity that has been identified by Defendant in its Answer and Counterclaims.  Plaintiff also seeks to amend her Complaint by adding additional claims of retaliation, abuse of process, and civil conspiracy.

In support of Plaintiff's request, Plaintiff argues that the decision to grant or deny a Fed. R. Civ. P. 15(d) motion to supplement rests with the sound discretion of the district court.  Gillihan v. Shillinger, 872 F.2d 935, 941 (10th Cir. 1989).  Plaintiff further argues that a party may supplement its Complaint by adding new claims to the action "when subsequent events make it necessary to do so."  First Savings Bank, F.S.B. v. United States Bancorp, 184 F.R.D. 363, 367-68 (D. Kan. 1998).  Moreover, Plaintiff argues that the proposed new claims are based on Defendant's actions since Plaintiff filed her Complaint and could not have been brought in her original Complaint.  Lastly, Plaintiff argues to allow the supplement to her original Complaint to include the proposed new claims will not cause undue delay or undue prejudice to the Defendant and that this motion to amend is not brought in bad faith or for dilatory motive.

Defendant argues that Plaintiff's Motion to File Amended Complaint (docket no. 51) should be denied as to adding additional claims because the proposed amended claims are legally deficient and futile.  Ketchum v. Cruz, 961 F.2d 916, 920 (10th Cir. 1992).  Defendant does not object to that portion of Plaintiff's Motion to File Amended Complaint (docket no. 51) that relates to allowing the Plaintiff to amend her Complaint

3

by changing the name of the Defendant to name the corporate entity that has been identified by Defendant in its Answer and Counterclaims.

In review of the court's docket, this court finds:

1. That the Plaintiff filed her original Complaint on September 14, 2004.

2. That on November 12, 2004, the Defendant filed its Answer to the Complaint.

3. That on December 7, 2004, Magistrate Judge Watanabe conducted a Rule 16 Scheduling Conference and entered a Rule 16 Scheduling Order.

4. That on May 24, 2005, the Defendant filed a Motion for Leave to Amend Answer and to Assert Counterclaims.

5. That on May 25, 2005, the Defendant filed a Motion for an Order Re: Rule 35(a) Mental Examination of Plaintiff and Motion to Compel Production of Plaintiff's Medical Records.

6. That on June 30, 2005, Magistrate Judge Watanabe granted the Defendant's Motion for Leave to Amend Answer and to Assert Counterclaims.

7. That on July 1, 2005, Magistrate Judge Watanabe granted the Defendant's Motion for an Order Re: Rule 35(a) Mental Examination of Plaintiff and Motion to Compel Production of Plaintiff's Medical Records.

4

8. That on July 18, 2005, Plaintiff filed an appeal pursuant to Fed. R. Civ. P. 72(a) to Judge Blackburn regarding Magistrate Judge Watanabe's Order granting Defendant's Motion for an Order Re: Rule 35(a) Mental Examination of Plaintiff and Motion to Compel Production of Plaintiff's Medical Records.

9. That on July 21, 2005, Plaintiff filed a Motion for Protective Order Pending Ruling on Plaintiff's Objections to Minute Order by Magistrate Judge Watanabe.

10. That on July 21, 2005, Defendant filed the subject Motion for Sanctions for Plaintiff's Refusal to Comply with July 1st Order (docket no. 46).

11. That on July 22, 2005, Judge Blackburn entered the following order: "(1) That Plaintiffs' Objection to Minute Order by Magistrate Judge Granting Defendant's Motion for Rule 35(a) Mental Examination of Plaintiff and to Compel Production of Plaintiff's Medical Records [#43], filed July 18, 2005, is **OVERRULED** and **DENIED**; and (2) That Plaintiff's Motion for Entry of Protective Order Pending Ruling on Plaintiff's Objection to Minute Order by Magistrate Judge [#45], filed July 21, 2005, is **DENIED AS MOOT**."

During oral argument, Defendant's counsel, Ms. Lamb, acknowledged that she has now received all of the information that Defendant requested in Defendant's Motion for Sanctions for Plaintiff's Refusal to Comply with July 1st Order (docket no. 46).

5

However, Defendant argues that although Defendant has now received the requested information, such information was delivered late, and sanctions should be imposed by the court. Accordingly, the only issue left to be determined by this court concerning the Defendant's Motion for Sanctions for Plaintiff's Refusal to Comply with July 1st Order (docket no. 46) is whether sanctions should be imposed against Plaintiff since the requested discovery is now in the possession of the Defendant.

"Determination of the correct sanction for a discovery violation is a fact-specific inquiry that the district court is best qualified to make." Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992). "The district court's discretion to choose a sanction is limited in that the chosen sanction must be both 'just' and 'related to the particular 'claim' which was at issue in the order to provide discovery.'" Id.

In support of Defendant's sanction request, Defendant argues that sanctions should be imposed against the Plaintiff because Plaintiff blatantly disregarded this court's July 1 Order for five weeks without justification. Defendant further argues that even after Judge Blackburn's Order of July 22, 2005, entered as outlined above, more than two additional weeks passed before the Plaintiff provided the requested discovery to Defendant. Moreover, Defendant argues that Plaintiff's recent production of medical records reveals that Plaintiff has repeatedly misled the court. In particular, Defendant argues that during the Plaintiff's deposition, conducted on April 26, 2005, the Plaintiff was asked the following question and gave the following answer.

        Q:     Have you ever received any mental or psychological treatment?
        A:     No.

<u>See</u> Plaintiff's Deposition at 305: 19-21.  Defendant further supports its argument of misrepresentation by Plaintiff by pointing to Plaintiff's Objection to Minute Order by Magistrate Judge Granting Defendant's Motion for Rule 35(a) Mental Examination.  In Plaintiff's Objection Plaintiff states:

1. ". . . she has not sought psychological counseling and thus far has never received or claimed any such diagnosis."

2. "Indeed, as Ms. Timmerman explained in both her responses to Defendant's First Written Discovery and at her deposition, she has not even sought counseling or received any medical treatment relating to her emotional distress. . . ."

In contrast to these representations above, the medical records from Dr. Hughes, who is one of Plaintiff's treating doctors, demonstrates that Plaintiff's representations above are inaccurate.  In particular, Defendant points to Plaintiff's medical records from Dr. Hughes wherein it shows that:

1. Plaintiff has been taking anti-depressants since 1995;

2. Plaintiff increased her dosage of anti-depressant medication in 1998;

3. Plaintiff visited Dr. Hughes for depression on August 6, 2004, and was prescribed a different anti-depressant;

4. Plaintiff visited Dr. Hughes for depression on September 7, 2004;

5. Plaintiff visited Dr. Hughes on June 2, 2005, for depression and was prescribed a different anti-depressant medication; and,

7

   6. Plaintiff visited Dr. Hughes on July 7, 2005 for depression. See medical records for Dr. Hughes.

Lastly, Defendant argues that sanctions should be imposed against Plaintiff because Defendant has been prejudiced by Plaintiff's refusal to comply with the July 1 Order. Defendant argues that it has been prejudiced as follows:

   1. That Defendant has been prejudiced since it was deprived of the opportunity to question Plaintiff about her ten-year history of depression during her deposition.

   2. That Defendant conducted dozens of witness interviews and at least one other deposition of Kathy Ashland without the opportunity to question these witnesses about Plaintiff's ten-year history of depression.

   3. That the discovery cut-off date is August 31, 2005, and it is therefore too late to serve additional discovery. In particular, since the medical records now produced only cover the period of 2003 to the present.

   4. That Defendant has had to make decisions concerning expert psychiatrists in this case without the benefit of Plaintiff's medical records. That decisions by the Defendant concerning experts may have been different if Defendant had received the medical information from Plaintiff timely.

   5. That Plaintiff's refusal to produce contact information for Dr.

8

Hughes timely deprived Defendant the power to subpoena Plaintiff's medical records directly from Dr. Hughes, in order to allow Defendant to independently verify Plaintiff's production and seek additional records.

6. That Defendant has had to spend considerable time and expense attempting to obtain this relatively straightforward and indisputably relevant discovery. That these discovery requests were served upon the Plaintiff in January 2005, and it has taken until late July 2005 to obtain such discovery.

Here, the court finds and concludes that Plaintiff's Motion to File Amended Complaint (docket no. 51) should be granted at this stage of the litigation. Defendant's argument as to whether Plaintiff can establish a prima facie case as to the added claims may be further addressed by Judge Blackburn later in this litigation when dispositive motions are filed. Furthermore, this court finds and concludes that sanctions should be awarded in favor of the Defendant and against the Plaintiff based upon Plaintiff's untimely disclosure of discoverable information and Plaintiff's inaccurate representations as outlined above.

### ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Plaintiff's Motion to File Amended Complaint (docket no. 51) is **GRANTED.** The Plaintiff's First Amended Complaint is accepted

9

      for filing today.  The Defendant's name on the pleadings is hereby corrected to reflect "U.S. Bancorp, a Delaware corporation."

2. That the deadline to complete all discovery is extended to October 31, 2005.

3. That the deadline to file dispositive motions is extended to November 30, 2005.

4. That the Final Pretrial Conference set on October 28, 2005, at 9:00 a.m. is **VACATED** and reset to January 20, 2006, at 8:30 a.m.  The parties shall submit their proposed Final Pretrial Order to Magistrate Judge Watanabe five (5) days prior to the Final Pretrial Conference consistent with the e-filing requirements of this court.

5. That Defendant's Motion for Sanctions for Plaintiff's Refusal to Comply with July 1st Order (docket no. 46) is **GRANTED** as follows:

    a. That as a sanction, Plaintiff shall pay to the Defendant reasonable and necessary attorney fees and costs for the Defendant having to prosecute and file the Defendant's Motion for Sanctions for Plaintiff's Refusal to Comply with July 1st Order (docket no. 46).  The parties are to immediately meet and confer to determine if they can agree and stipulate on the amount of attorney fees and costs.  If the parties are able to agree, then they shall submit such stipulation to the court forthwith.  If the parties cannot agree,

10

      then Defendant shall submit its itemized affidavit for attorney fees and costs on or before August 22, 2005, with the court. Plaintiff shall file her response to Defendant's itemized affidavit on or before September 1, 2005, with the court. Any submissions to this court shall be consistent with the e-filing requirements of this court.

b.     That as a further sanction, the depositions of the Plaintiff and Kathy Ashland may be re-opened at the request of Defendant. The Defendant shall be permitted to depose both Plaintiff and Kathy Ashland for no more than one and one-half hour each, and such questioning shall be limited to the areas of Plaintiff's mental health and severe emotional distress damages issues only. Plaintiff shall pay the expenses for these continued depositions, including the cost for the court reporter and Defendant's reasonable attorney fees. The parties shall reset these depositions forthwith if Defendant requests the same, and these continued depositions shall be completed by the extended deadline to complete discovery, which is October 31, 2005.

11

Done this 12th day of August 2005

          BY THE COURT

          <u>s/Michael J. Watanabe</u>
          Michael J. Watanabe
          U.S. Magistrate Judge