IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-CV-01903-REB-MJW

LINDA A. TIMMERMAN,

Plaintiff(s),

v.

U.S. BANCORP, a Delaware corporation,

Defendant(s).

## MINUTE ORDER

**Entered by Magistrate Judge Michael J. Watanabe**

It is hereby **ORDERED** that U.S. Bank's Motion to Strike Undisclosed Witness from Final Pretrial Order (docket no. 115) is **GRANTED.** Plaintiff's witness, Rachel Tofflemoyer, is stricken from the Final Pretrial Order. Each party shall pay their own attorney fees and costs for this motion.

In this case, Defendant seeks to strike from the Final Pretrial Order Plaintiff's witness, Rachel Tofflemoyer. Such witness endorsement states that Ms. Tofflemoyer will testify to Plaintiff's emotional distress damages. It should be noted that Rachel Tofflemoyer is Plaintiff's daughter.

Here, the court finds that discovery in this case began in December 2004 and ended on October 31, 2005. Plaintiff's initial disclosures on December 7, 2004 and supplemental disclosures on February 10, 2005, April 21, 2005, and October 21, 2005, do not list Rachel Tofflemoyer as a potential witness. Moreover, responses to Defendant's First Set of Interrogatories served on January 18, 2005, requesting the names of all potential witnesses as well as the names of individuals to whom Plaintiff had spoken regarding her claims do not list Rachel Tofflemoyer as a potential witness.

Plaintiff's late disclosure of Rachel Tofflemoyer in the Final Pretrial Order is untimely and not justified. Jacobsen v. Deseret Book Co., 287 F.3d 936, 952-53 (10th Cir. 2002). Furthermore, this court finds that Defendant has demonstrated prejudice since the deadlines to complete discovery and to file dispositive motions have expired. Further, it would be disruptive to re-open discovery and dispositive motions at this late stage of this litigation in order to cure any prejudice. In addition, a jury trial is set before Judge Blackburn on July 17, 2006, and Plaintiff has failed to demonstrate why

2

Plaintiff could not have endorsed her own daughter as a potential witness, consistent with Fed. R. Civ. P. 26(a)(1), well before the Final Pretrial Order.  <u>Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.</u>, 170 F.3d 985, 993 (10th Cir. 1999).

Date:  March 2, 2006